1  CHRISTINE M. BOOZE
   Nevada Bar No. 7610
2  JONATHAN L. POWELL
   Nevada Bar No. 9153
3  WINNER & SHERROD
   1117 South Rancho Drive
4  Las Vegas, Nevada 89102
   Phone (702) 243-7000
5  Facsimile (702) 243-7059
   cbooze@winnerfirm.com
6  jpowell@winnerfirm.com

7  *Attorneys for EW-SN TRANSPORT INC.*

8              UNITED STATES DISTRICT COURT

9                  DISTRICT OF NEVADA

10 JEFFREY ALAN RYERSON, an          CASE NO.:
   individual,
11
                    Plaintiffs,       **PETITION FOR REMOVAL TO**
12                                     **FEDERAL COURT**
   vs.
13
   RIMINTAS PETRAVICIUS, an individual,
14 EW-SN TRANSPORT INC, a New Jersey
   Corporation, DOES I-X, ROES XI-XX,
15
                    Defendants.
16
              COMES NOW Defendant EW-SN TRANSPORT, INC. (hereinafter as "Defendant")[1], by

17 and through its counsel of record, the law firm WINNER & SHERROD, and hereby submits the

18 instant Petition for Removal in accordance with 28 U.S.C. §§ 1332, 1441 and 1446.  Removal is

19 warranted under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of

20 different states and the amount in controversy, upon information and belief, exceeds the sum or

21 value of $75,000.00, exclusive of interest and costs.  In support of this Petition for Removal the

22 defendant states as follows:

23     1.  On September 28, 2020, Plaintiff JEFFREY RYERSON (hereinafter as "Plaintiff") filed

24         the above-entitled action in the Eighth Judicial District Court of Clark County, Nevada,

25         Case No. A-20-821999-C, assigned to Department 11 (herein "the State Court Action").

26         Plaintiff served the Summons and Complaint upon Defendant on November 25, 2020.  In

27
   _____
28         [1] At this time, service has not been effectuated on Defendant RIMINTAS PETRAVICIUS.

                          Page 1 of 6

accordance with 28 U.S.C. § 1446(a), a true and correct copy of the affidavit of service[2] is attached as **Exhibit "A".**   A copy of the Complaint in the State Court Action is attached as **Exhibit "B"**.

2. The Complaint alleges Plaintiff "is, and was at all relevant times, a  and is a resident of the County of Clark, State of Nevada." *See* **Exhibit B, ¶1**.

3. The Complaint alleges Defendant RIMANTAS PETRAVICIUS "is, and was at all relevant times, a resident Monmouth County, New Jersey." *See* **Exhibit B, ¶2**.

4. The Complaint alleges Defendant EW-SN TRANSPORT, INC. "is, and was at all relevant times, a foreign corporation duly authorized to do business in Clark County, Nevada." *See* **Exhibit B, ¶3**.

5. These allegations are correct, Nevada is not the domicile of any of the Defendants in the instant matter.

6. Defendant EW-SN TRANSPORT, INC. was incorporated in New Jersey.  *See* **Exhibit "C"**.

7. Defendant RIMANTAS PETRAVICIUS is, and was, a resident of New Jersey.

8. The ROE and DOE Defendants in this action have not been identified and are merely nominal parties without relevance to the action.

9. There are no matters pending in the State Court Action that require resolution by this court.

10. Because this is a civil action between citizens of different states involving an amount in controversy in excess of $75,000, exclusive of interest and costs, removal of this matter is proper pursuant to 28 U.S.C. § 1332.

11. This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties.

12. Pursuant to 28 U.S.C. § 1446(d), Defendant  has contemporaneously filed a copy of this Petition for Removal with the clerk of the Eighth Judicial District Court in Clark County,

---

[2] Defendant is not in possession of the summons served upon Defendant.

WINNER & SHERROD
A NEVADA LAW FIRM

Nevada and has provided a written notice to Plaintiff by serving a copy of the instant Petition for Removal on counsel for Plaintiff.

**DIVERSITY OF CITIZENSHIP**

1. Upon information and belief, Plaintiff is a resident of Clark County, state of Nevada.  See 28 U.S.C. § 1332(c).  *See* **Exhibit B, ¶1**.

2. Defendants are residents of New Jersey.  *See* 28 U.S.C. § 1332(c).

3. Complete diversity of citizenship existed between Plaintiff and Defendants at the time the Plaintiff filed and served the State Court Action, and complete diversity of citizenship exists at the time of removal.

**AMOUNT IN CONTROVERSY**

1. As required by 28 U.S.C. § 1332, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

2. Plaintiff JEFFREY RYERSON alleges that he was injured in an automobile accident on or about October 8, 2018 in Clark County, Nevada.  *See* **Exhibit B, ¶8**.

3. The amount of damages clause in the Plaintiff's State Court Action's Prayer for Relief is consistent with Rule 8(a) of the Nevada Rules of Civil Procedure ("NRCP") where they seek monetary general and special damages "in excess of $15,000.00" and monetary compensatory damages "in excess of $15,000.00." *See* **Exhibit B, page 5**.

4. A defendant may remove a suit to federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy.  Where, as here, a plaintiff has alleged no specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Lowdermilk v. United States Nat'l Assoc.,* 479 F.3d 994, 998 (9th Cir. 2007); *Abrego v. Dow Chemical Co.,* 443 F.3d 676, 683 (9th Cir. 2007).

5. To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is greater than $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996).  The court may

WINNER & SHERROD
A NEVADA LAW FIRM

1   look beyond the complaint to determine whether the amount in controversy is met.  See
2   *Abrego* at 690.

3   6.  A review of the Plaintiff's State Court Action demonstrates that the Plaintiff "more likely
4   than not" seeks more than $75,000, exclusive of interest and costs.  Specifically, Plaintiff
5   alleges that he suffered bodily injured and "has been limited in recreational, household,
6   and vocational activities he can perform, which, in turn, have caused him pain and
7   suffering, lost wages, loss of earning capacity, physical impairment, mental anguish, and
8   loss of enjoyment of life in presently unascertainable amount." *See* **Exhibit B, ¶15**.

9   7.  Prior to initiating litigation, Plaintiff made a claim upon Defendant's insurance, which
10  provides insurance coverage in amount greater than the jurisdictional amount of
11  $75,000.00.  Plaintiff claimed that the subject accident caused him to undergo "extensive
12  medical treatment.   In the days and months following the collision, [Plaintiff] was
13  suffering from headaches, neck pain, back pain, numbness, and fatigue."   Further,
14  Plaintiff alleges that "imaging showed that [Plaintiff] suffering from annular tears at C4-
15  5, C6-7, L4-5, L5-S1, and posterior disc protrusions throughout his spine.   [Plaintiff's]
16  pain persisted, and he eventually had to undergo transforaminal epidural steroid
17  injections at C6-C-7."   Moreover, Plaintiff claims that "it is likely that he will require
18  future care."  Plaintiff demanded the policy limit for settlement of the instant matter. *See*
19  **Exhibit "D"**.

20  8.  Taking into consideration the Plaintiff's claim for past and future medical damages, pain
21  and suffering, and loss of enjoyment of life, it is more likely than not that Plaintiff seeks
22  damages in excess of $75,000.

23  **CONCLUSION**

24  1.  Based on the foregoing, Defendant has met its burden of showing that the amount in
25  controversy more likely than not exceeds the jurisdictional requirement of $75,000.

26  2.  This Petition for Removal is timely as it is being filed within thirty (30) days after the
27  November 25, 2020 service of the Plaintiff's complaint.

28

Page 4 of 6

WINNER & SHERROD
A NEVADA LAW FIRM

3.  Because there is complete diversity of citizenship between Plaintiff and Defendants, and because the Plaintiff is seeking damages in excess of the $75,000 jurisdictional threshold, Defendant may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b).

DATED this 22nd day of December, 2020.

WINNER & SHERROD

/s/ Christine M. Booze

Christine Booze
Nevada Bar No. 7610
John L. Powell
Nevada Bar No. 9153
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 22nd day of December, 2020, the foregoing **<u>PETITION FOR</u>**

**<u>REMOVAL TO FEDERAL COURT</u>** was served on the following by [ ] hand delivery

[ ] overnight delivery [ ] fax [ ] fax and mail [X] mailing by depositing with the U.S. mail in Las

Vegas, Nevada, enclosed in a sealed envelope with first class postage prepaid, addressed as

follows:

John C. Courtney
Sebastian F. Gajardo
Andrew P. Dunning
LBC LAW GROUP
3215 W. Charleston Blvd., Ste. 120
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*

_/s/ Amanda Hanson_
An employee of WINNER & SHERROD

**EXHIBIT A.**

Electronically Filed
12/2/2020 2:53 PM
Steven D. Grierson
CLERK OF THE COURT

**AOS**
JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
SEBASTIAN F. GAJARDO, ESQ.
Nevada Bar No. 14874
ANDREW P. DUNNING, ESQ.
Nevada Bar No. 13864
**LBC LAW GROUP**
3215 W. Charleston Blvd., Ste. 120
Las Vegas, Nevada 89102
Ph.: (702) 608-3030
Fax: (702) 463-4443
info@lbclawgroup.com
*Attorneys for Plaintiff*

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JEFFREY ALAN RYERSON, an individual, | Case No.: A-20-821999-C |
| Plaintiff, | Dept. No.: XI |
| v. | |
| RIMANTAS PETRAVICIUS, an individual, EW-SN TRANSPORT INC, a New Jersey Corporation, DOES I-X, ROES XI-XX, | |
| Defendants. | |

## <u>AFFIDAVIT OF SERVICE</u>

1

# **AFFIDAVIT OF SERVICE**

STATE OF New Jersey )
                         ) ss:
COUNTY OF Monmouth )

Benito Acevedo, Sr, being duly sworn, says: That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received copy(ies) of the Summons and Complaint, on the 18 day of November , 2020 and served the same on the 25 day of November , 2020 by:

(Affiant must complete the appropriate paragraph)

1.     Delivering and leaving a copy with the Defendant _____ at (state address) _____.

2.     Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at (state address)
[Use paragraph 3 for service upon agent, completing (a) or (b)]

3.     Serving the Defendant EW-SN Transport, Inc by personally delivering and leaving a copy at 41 Wilson Ave, Manalapan, NJ _____ (state address)

(a)     With Michelle as Receptionist , an agent lawfully designated by statute to accept service of process;
(b)     With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.     ~~Personally depositing a copy in a mail box of the United States Post Office,~~ enclosed in a sealed envelope, postage prepaid (Check appropriate method):

        ☐     Ordinary mail
        ☐     Certified mail, return receipt requested
        ☐     Registered mail, return receipt requested

/ / /

/ / /

/ / /

/ / /

3

1   addressed to the Defendant _____ at Defendant's last known address which is (state

2   address) _____.

3       I declare under penalty of perjury under the law of the State of Nevada that the foregoing is

   true and correct.

4

5   EXECUTED this 25  day of November____, 20 20 .

6

7   Signature of person making service

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**EXHIBIT B.**

Electronically Filed
9/28/2020 10:48 AM
Steven D. Grierson
CLERK OF THE COURT

1  **COMJD**
   JOHN C. COURTNEY, ESQ.
2  Nevada Bar No. 11092
   SEBASTIAN F. GAJARDO, ESQ.
3  Nevada Bar No. 14847
   ANDREW P. DUNNING, ESQ.
4  Nevada Bar No. 13864
   **LBC LAW GROUP**
5  3215 W. Charleston Blvd., Ste. 120
   Las Vegas, Nevada 89102
6  Ph.: (702) 608-3030
   Fax: (702) 463-4443
7  info@lbclawgroup.com
   *Attorneys for Plaintiff*
8

CASE NO: A-20-821999-C
Department 11

9              **EIGHTH JUDICIAL DISTRICT COURT**

10                **CLARK COUNTY, NEVADA**

11

12  JEFFREY ALAN RYERSON, an individual,        Case No.:

13              Plaintiff,                       Dept. No.:

14       v.

                                                **COMPLAINT**
15  RIMINTAS PETRAVICIUS, an individual,
    EW-SN TRANSPORT INC, a New Jersey
16  Corporation, DOES I-X, ROES XI-XX,           **JURY TRIAL DEMANDED**

17              Defendants.

18

19       COMES NOW, Plaintiff JEFFREY ALAN RYERSON, by and through his counsel of

20  record, LBC LAW GROUP, bring this Complaint against Defendants RIMINTAS PETRAVICIUS,

21  EW-SN TRANSPORT INC, DOES I-X, and ROES I-X, and allege the following:

22                        **PARTIES**

23  1.      Plaintiff JEFFREY ALAN RYERSON is, and was at all relevant times, a resident of Clark

24  County, Nevada.

25  2.      Defendant RIMINTAS PETRAVICIUS is, and was at all relevant times, a resident of

26  Monmouth County, New Jersey.

27  / / /

28  / / /

                                1

3.      Upon information and belief, Defendant EW-SN TRANSPORT INC ("EW-SN") is, and was at all relevant times, a foreign corporation duly authorized to do business in Clark County, Nevada.

4.      Plaintiff is ignorant of the true names and capacities of Defendant sued herein as DOES I through X, inclusive, and ROES  XI through XX, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged in this complaint, and the Plaintiff's damages as alleged were proximately caused by Defendants' conduct.

5.      At all relevant times, Defendants were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the course and scope of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

**JURISDICTION**

6.      All of the acts giving rise to the instant action occurred in Clark County, Nevada.

7.      The amount in controversy, represented by actual damages caused to plaintiff, exceeds $15,000.00.

**GENERAL STATEMENT OF FACTS**

8.      On or about October 8, 2018, Plaintiff JEFFREY ALAN RYERSON was travelling westbound on Blue Diamond Road and approaching the intersection with Wigwam Avenue in Clark County, Nevada.

9.      Defendant RIMINTAS PETRAVICIUS was travelling southbound in a semi-truck on Wigwam Avenue, approaching the same intersection.

10.     Defendant RIMINTAS PETRAVICIUS then made an unsafe left turn to travel eastbound on Blue Diamond Road.

11.     As a result of Defendant RIMINTAS PETRAVICIUS's unsafe turn, Plaintiff was unable to avoid the trailer attached to the semi-truck, resulting in a collision.

/ / /

2

12.     Defendant EW-SN was the owner of the semi-truck operated by Defendant RIMINTAS PETRAVICIUS at the time of the collision.

13.     Upon information and belief, Defendant RIMINTAS PETRAVICIUS was an employee, agent, and/or independent contractor of Defendant EW-SN, acting within the course and scope of his employment.

14.     As a direct and proximate result of this collision, Plaintiff suffered bodily injury.

15.     As a direct and proximate result of the collision, Plaintiff has been limited in the recreational, household, and vocational activities he can perform, which, in turn, have caused him pain and suffering, lost wages, loss of earning capacity, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

16.     The accident resulted through no fault of Plaintiff.

## **FIRST CAUSE OF ACTION**

### **(NEGLIGENCE)**

17.     Plaintiff re-alleges paragraphs 1 through 16 as though fully set forth herein.

18.     Defendant RIMINTAS PETRAVICIUS owed a duty of care to Plaintiff, particularly, *inter alia*, a duty to use ordinary care and caution while operating a motor vehicle.

19.     Defendant RIMINTAS PETRAVICIUS breached that duty when he made an unsafe turn while operating a large motor vehicle with a trailer attached, thereby causing a collision with Plaintiff's vehicle.

20.     The breach was the legal, actual and proximate cause of Plaintiff's injuries and damages.

21.     Plaintiff sustained damages in excess of $15,000.00 as a result of the collision, which include, but are not limited to, medical specials and pain and suffering.

22.     Defendant RIMINTAS PETRAVICIUS operated the vehicle involved in the subject collision with the express or implied permission of Defendant EW-SN while acting within the course and scope of his employment with the same.

23.     Defendant EW-SN, as the employer, master, or principal of Defendant RIMINTAS PETRAVICIUS, is vicariously liable for the torts committed by Defendant RIMINTAS PETRAVICIUS during the course and scope of his employment.

3

24.     Plaintiff has been required to retain legal counsel in order to seek redress.

**SECOND CAUSE OF ACTION**

**(NEGLIGENT ENTRUSTMENT)**

25.     Plaintiff re-alleges paragraphs 1 through 24 as though fully set forth herein

26.     Defendant EW-SN owed Plaintiff a duty of care to refrain from knowingly entrusting its vehicles to inexperienced or incompetent persons.

27.     Defendant EW-SN breached that duty by knowingly entrusting its vehicle to Defendant RIMINTAS PETRAVICIUS, an inexperienced or incompetent person.

28.     The breach was the legal, actual and proximate cause of Plaintiff's damages.

29.     Plaintiff sustained damages in excess of $15,000, as described in paragraph 21.

**THIRD CAUSE OF ACTION**

**(NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION)**

30.     Plaintiff re-alleges paragraphs 1 through 29 as though fully set forth herein.

31.     Defendant EW-SN owed Plaintiff a duty of care to adequately hire, train, supervise, and retain its employees, agents, and independent contractors to ensure that they were fit for their employment or contractor position.

32.     Defendant EW-SN breached that duty by hiring employees, agents, and/or independent contractors with reckless or irresponsible propensities when it knew, or should have known, of the reckless or irresponsible propensities of said employees, agents, and/or independent contractors.

33.     Defendant EW-SN further breached this duty by failing to train its employees, agents, and/or independent contractors to carry out their duties in a safe manner.

34.     Defendant EW-SN further breached this duty by failing to supervise its employees, agents, and/or independent contractors to ensure that their duties were performed in a safe manner.

35.     Defendant EW-SN further breached this duty by retaining employees who previously conducted themselves in an unsafe and/or careless manner.

36.     The breach was the legal, actual and proximate cause of Plaintiff's damages.

37.     Plaintiff suffered damages in excess of $15,000 as described in paragraph 21.

/ / /

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PRAYER FOR RELIEF**

Wherefore Plaintiffs respectfully request the following relief from this Honorable Court:

1.      General and Special Damages in excess of $15,000;

2.      Attorney Fees and Costs;

3.      Pre- and Post-Judgment Interest; and

4.      Any and All Other Relief Deemed Appropriate by this Honorable Court

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands the right to have his case heard by a jury.

DATED this 28th day of September, 2020.


                                LBC LAW GROUP

                                By:_____*/s/ Sebastian F. Gajardo*_____
                                JOHN C. COURTNEY, ESQ.
                                Nevada Bar No. 11092
                                SEBASTIAN F. GAJARDO, ESQ.
                                Nevada Bar No. 14874
                                ANDREW P. DUNNING, ESQ.
                                Nevada Bar No. 13864
                                3215 W. Charleston Blvd., Ste. 120
                                Las Vegas, Nevada 89102
                                Ph.: (702) 608-3030/Fax: (702) 463-4443
                                info@lbclawgroup.com
                                *Attorneys for Plaintiff*

**EXHIBIT C.**



STATE OF NEW JERSEY
DIVISION OF REVENUE AND ENTERPRISE SERVICES

# BUSINESS NAME SEARCH

Search Types

## Business Name Search

Required

### Search Criteria

**Business Name** *

EW-SN TRANSPORT

Use "%" as a wildcard

**Search →**

**x Ca**

Show [10 ▾] entries

| Business Name | Entity Id | City | Type | Incorporated Dat |
|---|---|---|---|---|
| EW-SN TRANSPORT INC | 0400661749 | HOWELL | DP | 5/27/2014 |

Showing 1 to 1 of 1 entries

« Previous   N

Help



Fields [ * ]

ancel

e

ext »

**EXHIBIT D.**

# LBC LAW GROUP

## A PROFESSIONAL CORPORATION

PARTNERS:
CHRISTOPHER L. BLAKESLEY, ESQ.
JOHN C. COURTNEY, ESQ.

ASSOCIATE:
SEBASTIAN F. GAJARDO, ESQ.
LEAH BLAKESLEY, ESQ.

3215 W. Charleston Blvd., Suite 120
LAS VEGAS, NEVADA 89102
LBCLawGroup.com

TELEPHONE: (702) 608-3030
FACSIMILE: (702) 463-4443
INFO@ LBCLawGroup.com

July 27, 2020

Attn: Claim No. WN234380-01
Northland Insurance
PO Box 64805
St. Paul, MN 55164

## TIME LIMITED DEMAND LETTER

| Re: | YOUR INSURED | EW-SN Transport, Inc. |
|-----|--------------|----------------------|
| | CLAIM NO. | WN234380-01 |
| | DATE OF LOSS | October 9, 2018 |
| | OUR CLIENT(s) | Jeffrey Ryerson |

To Whom It May Concern:

This law firm represents **Jeffrey Ryerson** in the above-referenced claim. Our client was injured in a motor vehicle collision caused by your insured on October 9, 2018. The statements contained herein are communicated for settlement purposes only and are made without prejudice to our client's rights.

Jeffrey's vehicle sustained substantial physical damage as a result of the crash in the amount of $15,338.41. Your insured was the driver of a 1999 Freightliner tractor/trailer traveling preparing to make a left turn on Blude Diamond Rd. (SR160WB), in Clark County, Nevada, when the collision occurred. Our client was traveling westbound on Blue Diamond Rd., headed toward Pahrump, NV from Las Vegas, NV. Your insured attempted a left turn from Wounded Horse Trail in front of our client. Jeffrey was not able to slow in time to avoid collision and wound up colliding into the rear of the tractor/trailer.

The injuries Jeffrey sustained required extensive medical treatment. In the days and months following the collision, our client was suffering from headaches, neck pain, back pain, numbness, and fatigue. He sought treatment with Affiliated Chiropractic. Due to being self-employed, Jeffrey was not able to consistently treat. He had to endure his pain while still providing for his family. Imaging showed that Jeffrey was suffering from annular tears at C4-C5, C6-C7, L4-L5, L5-S1 and posterior disc protrusions throughout his spine. Jeffrey's pain persisted and he eventually had to undergo transforaminal epidural steroid injections at C6-C7. Though Jeffrey has been released from treatment, it is likely that he will require future care.

Jeffrey incurred **$24,357.38** in medical bills and expenses as result of this crash. Attached to this letter are the medical bills and records generated by the following medical providers:

| Billing Entity | Charges Billed |
|---|---:|
| Affiliated Chiropratic | $6,580.93 |
| Epion Institute for Spine & Joint Pain | $5,300.00 |
| Pueblo Medical Imaging | $4,950.00 |
| Lyons Physical Therapy | $1,380.00 |
| Neurology Institute of Nevada | $550.00 |
| Affiliated Therapy | $570.00 |
| Valley Anesthesiology Consultants | $1,000.00 |
| Red Rock Surgery Center | $4,008.00 |
| Expenses | $18.45 |
| **Total Expenses** | **$24,357.38** |

 Our client's damages are substantial, considering the extent of his medical expenses, the cost of future medical care, his pain and suffering, and the carelessness of your insured.  To settle our client's personal injury claims against your insured, we ask that you deliver settlement funds equal to your insured's policy limits to our office before August 27, 2020, together with proof that those are the only funds available to compensate our client for his damages. Acceptance of this offer is contingent upon compliance with all terms of the offer.  All terms of this offer are material. After this deadline has passed, our client will no longer consider accepting the policy limits for settlement of his claims.

 Thank you for your prompt and careful attention to this matter. We await your response. Should you require further information or have any questions related to this matter, please feel free to contact our office.

Respectfully,

LBC LAW GROUP

Christopher Blakesley, Esq.