JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
SEBASTIAN F. GAJARDO, ESQ.
Nevada Bar No. 14874
**LBC LAW GROUP**
3215 W. Charleston Blvd., Ste. 120
Las Vegas, Nevada 89102
Ph.: (702) 608-3030
Fax: (702) 463-4443
info@lbclawgroup.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JEFFERY ALAN RYERSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> RIMANTAS PETRAVICIUS, an individual, EW-SN TRANSPORT INC, a New Jersey corporation, DOES I-X, ROES XI-XX, <br><br> Defendants. | Case No.: 2:20-cv-02321-JCM-BNW <br><br> **PLAINTIFF'S MOTION TO REMAND** <br><br> ORAL ARGUMENT REQUESTED |

Plaintiff Jeffery Alan Ryerson ("Plaintiff") by and through his counsel of record, John C. Courtney, Esq. and Sebastian F. Gajardo, Esq. of LBC Law Group, hereby files his Motion to Remand this matter to the Eighth Judicial District Court of the State of Nevada (the "Motion"). This Motion is made and based on the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument that this Court may allow at the time of hearing.

/ / /

/ / /

/ / /

/ / /

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION.

This case could be settled today for less than $75,000—meaning, there is absolute and unequivocal proof that this court does not have jurisdiction over the case based on diversity. The Removing Defendant unequivocally believes that the amount in controversy is less than $75,000 as evidenced by their unwillingness to pay more one third of that amount. As such, both parties agree that this case is worth less than $75,000. Nevertheless, Defendant has seen fit to needlessly waste the resources of the parties and of this Court, which should come at a price.

Arguably, the vast majority of victims in personal injury case would love to be paid enough to retire comfortably in the Bahamas, but what a victim wants and dreams about is not the legal standard.  The removing defendant must demonstrate that the *actual* amount in controversy is in excess of the jurisdictional threshold, and this Removing Defendant has utterly failed to meet its burden, particularly in light of the undisputable fact that this Removing Defendant refuses to offer more than one-third of the jurisdictional threshold to resolve this case.

This case stems from a motor vehicle collision involving Plaintiff and Defendants Rimantas Petravicius and EW-SN TRANSPORT INC (collectively "Defendants")  Plaintiff's medical specials from the crash alone (without even factoring in any pain, suffering, inconvenience, or other categories of damages) exceed $25,000.

Despite the uncomplicated factual predicate for Plaintiff's claim, Defendant has taken two incongruous and opportunistic positions: (1) that Plaintiff's damages would adequately be satisfied by the $25,000 settlement offer; and (2) the amount in controversy, as Defendant represented to the Court in removing this action, exceeds the $75,000 jurisdictional minimum.

Again, if this case was to be settled today, Plaintiff would accept $74,000, which is below the jurisdictional minimum.  Thus, Defendant's basis for removal is both inconsistent with its prior position, and demonstrably inaccurate.

Defendant knew, or should have known, that its assertion that the amount in controversy for this dispute exceeds $75,000 is false. But, rather than negotiating in good faith, Defendant has determined that the most prudent course of action is to seek removal of a case that very obviously

does not belong in federal court, thereby wasting the time and resources of the parties and the federal judiciary during a global pandemic. Such conduct is contrary to securing the "just, speedy, and inexpensive determination" of this action. *See generally*, Fed. R. Civ. P. 1. For these reasons, Plaintiff asks that the Court grant this Motion in total, and enter an order: (1) remanding this case back to state court; and (2) issuing an award in favor of Plaintiff and against Defendant for fees and costs imposed in preparing this Motion. Alternatively, if the Court determines that it does have jurisdiction over the case, Plaintiff requests a 120-day enlargement of time to serve Defendant Rimantas Petravicius.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY.

On October 8, 2018, Plaintiff Jeffery Alan Ryerson was travelling westbound on Blue Diamond Road, approaching the intersection with Wigwam Avenue in Clark County, Nevada. Defendant Rimantas Petravicius was driving southbound on Wigwam Avenue, approaching the same intersection. Defendant Petravicius then made an unsafe left turn onto Blue Diamond Road, putting the semi-truck directly into Plaintiff's path of travel. Plaintiff was unable to avoid the trailer attached to the semi-truck, resulting in a collision. Upon information and belief, the semi-truck belonged to Defendant EW-SN INC, and Defendant Petravicius was driving it under the course and scope of his employment with the same.

On July 27, 2020, Plaintiff served a letter to Defendant explaining that Plaintiff had incurred $24,357.38 in medical expenses as a result of the collision, and demanded that Defendant "deliver funds equal to [its] insured's policy limits…" (Plaintiff's Demand Letter, p. 2, attached as "**Exhibit 1**"). Defendants' insurer, Northland Insurance, replied on August 26, 2020 with an offer to settle the matter for $20,000. (Email from Northland Insurance to LBC Law Group, p. 1, dated August 26, 2020, attached as "**Exhibit 2**"). Plaintiff made a counteroffer in the amount of $150,000.00 on October 9, 2020. (Email from LBC Law Group to Northland Insurance, p. 1, dated October 9, 2020, attached as "**Exhibit 3**"). And, on October 14, 2020, Defendant made a new offer to settle the case for $25,000. (Email from Northland Insurance to LBC Law Group, p. 1, dated October 14, 2020, attached as "**Exhibit 4**")

Plaintiff filed his complaint on September 29, 2020, alleging negligence; negligent entrustment; and negligent hiring, training, supervision, and retention against Defendants. Then, Plaintiff filed his First Amended Complaint on November 17, 2020. The following day, Plaintiff's process server unsuccessfully attempted to serve Defendant Petravicius. (Affidavit of Due Diligence, pp. 1-2, attached as "**Exhibit 5**"). However, the Removing Defendant, EW-SN TRANSPORT INC, was successfully served on November 25, 2020.

On December 28, 2020, Plaintiff's counsel emailed Defendant's counsel, offering to settle the case $74,000 so that "the amount in controversy does not exceed $75,000 unless [Defendants] force[] the amount in controversy to exceed $75,000 by needlessly causing unnecessary costs to be incurred in violation of NRCP 1 and FRCP 1…" (Email from LBC Law Group to Winner & Sherrod, p. 1, dated December 28, 2020, attached as "**Exhibit 6**")

The following day, Defendant's counsel replied, stating that "the amount in controversy is not what Defendants may value the cases [sic] to be worth, but merely what amount for damages might be claimed by your client at trial." (Correspondence from Winner & Sherrod, dated December 29, 2020, p. 1, attached as "**Exhibit 7**").  Defendant's counsel also contended that, because Plaintiff made a subsequent settlement offer in the amount of $150,000.00, "it is a reasonable inference that, more likely than not, the amount at controversy at the time of removal exceeded the jurisdictional limit of $75,000."

In its Statement Regarding Removal, filed on January 6, 2021, the removing Defendant states that Plaintiff "made demands to settle in the amounts of policy limits and for $150,000." (ECF 5, p. 3, ll. 1-2).  Notably absent from this filing is Plaintiff's settlement offer of $74,000. As such, Defendant has made a blatant misrepresentation to this Court by alleging that Plaintiff is seeking to recover more than $75,000 from Defendant after receiving an offer to settle the case for $74,000.[1]  Defendant has no reasonable basis for explaining the extent of Plaintiff's damages

---

[1] Nevada Rule of Professional Conduct 3.3, which is identical to the ABA Model Rule, provides that a lawyer shall not knowingly make a false statement or fail to correct a false statement of material fact previously made to the tribunal by the lawyer. NRPC 3.3(a)(1).

because Defendant has completely stifled all negotiations by refusing to pay more than $25,000—an amount that would barely cover Plaintiff's special damages.  Importantly, Plaintiff would accept $74,000 on or before the time this Motion is resolved, providing the Court with unequivocal evidence that Defendant's assertion that Plaintiff is seeking over $75,000 is unsupported within the context of a diversity jurisdiction analysis.

The removing Defendant has failed to apprise this Court with an accurate and complete statement of material facts. Specifically, the removing Defendant cannot meet its burden of proof or persuasion regarding removal because Defendant has not demonstrated to this Court the actual amount of prospective damages in this case.

### III.   STATEMENT OF LAW.

**A.   Removal Statutes Are Strictly Construed Against Removal and Federal Jurisdiction Must Be Rejected if There is Any Doubt Regarding the Right of Removal.**

This Court has original jurisdiction over all civil actions in which the amount in controversy: (1) exceeds the sum or value of $75,000; and (2) is between citizens of different states.  28 U.S.C. § 1332(a).

If a plaintiff files a civil action in state court, a defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**B.   The Removing Defendant Bears the Burden of Showing That Removal is Appropriate.**

5

The removing defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."[2] *Matheson*, 319 F.3d at 1090. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996). *Id.* Accordingly, "jurisdiction may [not] be maintained by mere averment." *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

### IV.   LEGAL ARGUMENT.

**A.   The Amount in Controversy is in This Case is Less Than $75,000.00.**

In its Petition for Removal, Defendant asserts that it meets the criteria for diversity jurisdiction because Plaintiff seeks damages in excess of $75,000 from the removing Defendant, which is not true, and the removing Defendant does not even believe that damages could possibly be in excess of $75,000. Indeed, Defendant's response to Plaintiff's December 28 email demonstrates that Defendant values Plaintiff's claim at no more than $74,000. *See* (Ex. 7, p. 1). As such, the removing Defendant's assertion that damages are in excess of $75,000 cannot be made in good faith.

Defendant's removal notice states that "[t]aking into consideration Plaintiff's claim for past and future medical damages, pain and suffering, and loss of enjoyment of life, it is more likely than not that Plaintiff seeks damages in excess of $75,000. (ECF 1, p. 4, ¶ 8). In support of this assertion, Defendant notes that "[p]rior to initiating litigation, Plaintiff made a claim upon Defendant's insurance, which provides insurance coverage in amount greater than the jurisdictional amount of

---

[2] The Ninth Circuit defines "amount in controversy" as "the amount at stake in the underlying litigation" which includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (internal quotations omitted). "This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id*. at 648–49.

6

$75,000.00…" and that "Plaintiff demanded the policy limit for settlement of the instant matter." *Id*. at ¶ 7. Presumably, Defendant bases this assertion on the demand letter it received from Plaintiff requesting the limits of Defendant's policy. *See* (Ex. 1, p. 2).

However, the demand letter is not probative because Defendant fails to show that it reflects a reasonable estimate of Plaintiff's claims. The Ninth Circuit holds that a "settlement letter is relevant evidence in determining the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim." *Cohn v. PetSmart, Inc.*, 281 F.3d 839, 840 (9th Cir. 2002); *see Dominguez v. Ralphs Grocery Co.*, No. 2:13-CV-2233-GMN-PAL, 2014 WL 4162378, at *2 (D. Nev. Aug. 20, 2014). However, a plaintiff can "disavow his letter or offer contrary evidence" to foreclose its consideration in the amount in controversy calculation. *Cohn*, 281 F.3d at 840.

Here, Plaintiff can demonstrate that the amount in controversy is less than $75,000, as evidenced by basic factual predicate of this dispute, the actual allegations in Plaintiff's Complaint, and the attached Offer of Judgment which Plaintiff will serve upon Defendant at the very moment this case is remanded and the state court regains jurisdiction. *See* (Proposed Offer of Judgment, p. 1, attached as "**Exhibit 8**"). At this point, Plaintiff's offer to settle this case is $74,000—an amount Defendant may accept immediately (and which will remain open until such time that this Motion has been decided).

Plaintiff's demand letter to Defendant offers additional contrary evidence. This demand letter contains a line item listing of Plaintiff's medical expenses (totaling $24,357.38) and a demand for the policy limits—an amount which is not specified in the letter. *See* (Ex. 1, p. 2). As such, this letter does not constitute "a reasonable estimate" of the claim. Regardless, even if Plaintiff's demand letter explicitly stated the limits of the Subject Policy, it would not adequately provide a "reasonable estimate" of the demand's pecuniary value. *See Hanshew v. Blazin Wings, Inc.*, No. 2:16-cv-1541-JCM-PAL, 2016 WL 7489043, at *6 (D. Nev. Dec. 30, 2016) (using plaintiff's calculation of damages in determining the amount in controversy despite a settlement offer of $350,000 in a demand letter); *see also Corea v. Kim*, 2:16-cv-01024-GMN-GWF, 2016 WL 3535804, at *4 (D. Nev. June 27, 2016) (determining a line-item listing of plaintiffs' medical

expenses and a settlement demand of $1,000,000 to be insufficient for a "reasonable estimate" of plaintiffs' claims).

Moreover, Plaintiff filed his Complaint in state court and, under the pleading requirements set forth in the Nevada Rules of Civil Procedure, a complaint's demand for relief may request damages "in excess of $15,000" without further specification of the amount. Nev. R. Civ. P. 8(a)(4). "Because Nevada law does not allow a plaintiff to plead specific damages greater than $[15,000], no adverse inference should be taken from a plaintiff's failure to specifically plead damages above $[15,000] but below the minimum for diversity jurisdiction." *Soriano v. USAA Ins. Agency, Inc.*, No. 3:09-cv-00661-RCJ-RAM, 2010 WL 2609045, at *2 (D. Nev. June 24, 2010).

Here, Defendant offers no evidence aside from Plaintiff's initial demand letter (and a subsequent offer to settle for $150,000) to suggest that damages would exceed the minimum alleged values. Accordingly, Defendant has failed to satisfy its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, a fatal subject matter jurisdiction defect prevents the Court from presiding over this dispute, and the litigation must be remanded.

**B.    Plaintiff Should Be Awarded Attorney Fees and Costs for Having to Respond to a Frivolous Petition Containing a Knowingly False Premise.**

Defendant had no reasonable basis for asserting that the amount in controversy was in excess of $75,000.00, particularly if Defendant had had observed and honored the mandates of Rule 11 (both the Nevada rule and its Federal parallel).  What makes Defendant's argument particularly egregious is that Defendant asserts both that Plaintiff's claim is worth nothing while asserting to this Court that the amount in controversy is in excess of $75,000.00.

Pursuant to Federal Rule of Civil Procedure 11, when a party submits information to the Court, that "party certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances** [that the information] "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1) (emphasis added).  That person is also certifying that the "legal contentions are warranted by existing law or by a nonfrivolous argument

8

. . ." *Id*. at (b)(2). Lastly, that person is also certifying that "the factual contentions have evidentiary support . . . **after a reasonable opportunity for further investigation or discovery** . . ." *Id*. at (b)(3) (emphasis added). Rule 11(c) provides that the Court may award attorney fees, even on its own initiative, to award attorney fees as a result of a party wasting valuable judicial resources. The rule also allows the award to be made jointly and severally against the party and its attorney. *See id*. at (c)(3); *see also* NRS 7.085.

There are also other rules allowing for an award of attorney fee in cases such as the instant case. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may award attorney fees when removal is wrong as a matter of law. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n. 6 (9th Cir. 2000); *see also Dall v. Albertson's Inc.*, 349 F. App'x 158, 160 (9th Cir. 2009) (holding that an award of attorneys fees following the remand of a case was appropriate because the removing party lacked an objectively reasonable basis for seeking removal); *Moore v. Permanente Med. Group, Inc.,* 981 F.2d 443, 448 (9th Cir.1992) (holding that the removing party's "bad faith need not be demonstrated" to award fees).

The rules also allow for an award of costs. An award of fees and costs associated with removal or remand under 28 U.S.C. § 1447(c) is reviewed for an abuse of discretion. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 861 (9th Cir. 2001). And, while discretionary, Courts generally award costs where the non-removability of the action is obvious. *Tralmer v. Galaxy Airlines, Inc.*, 611 F. Supp. 633, 635 (D. Nev. 1985); *Pack v. Rich Terminal Company,* 502 F.Supp. 58, 60 (S.D.Ohio 1980); *Dunkin Donuts of America v. Family Enterprises, Inc.,* 381 F.Supp. 371, 373 (D.Md.1974); *Grodeck v. Jung,* 582 F.Supp. 544, 544 (W.D.Va. 1984). Such is the case here.

As outlined above, Defendants were wrong to remove this action to federal court, and the defect is obvious. The Removing Defendant likewise materially misrepresented to the Court the state of negotiations in its Statement Regarding Removal, conspicuously neglecting to mention the $74,000 offer tendered only nine (9) days before the Statement Regarding Removal was filed. Defendant's removal of the action is simply an attempt to force Plaintiff to expend unnecessary resources in the pursuit of his meritorious claims. This Court should award Plaintiff attorneys fees

and costs in an amount to be determined after a computation of such costs is completed and submitted to the Court.

### C. Alternatively, an Extension of Time is Within this Court's Discretion to Grant.

If the Court is not inclined to remand this action to state court, Plaintiff respectfully requests alternative relief in the form of an enlargement of time to effectuate service upon Defendant Petravicius. Under Rule 4(m), Plaintiff has 90 days from the filing of the complaint to serve a party named therein. Fed. R. Civ. P. 4(m). However, if the Plaintiff shows good cause for his failure to serve within the 90-day period, the Court must extend the time for service for an appropriate period. *Id*. District courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In making extension decisions under Rule 4(m) a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id*. (citing *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir.1998)).

Here, Plaintiff filed his complaint on September 29, 2020. The complaint was filed, in part, because the statute of limitations ran on October 9, 2020. Plaintiff filed an amended complaint on November 17, 2020—mainly because of an inadvertent misspelling of Defendant Petravicius' first name. The 90-day period expired on December 28, 2020. Defendant EW-SN TRANSPORT INC removed this case from state court (which has a 120-day period for service) on December 22, 2020.

Upon information and belief, Defendant Petravicius is the owner and registered agent of EW-SN TRANSPORT INC. As such, neither Defendant would be prejudiced by an extension of time both Defendants would have been covered under the same insurance policy. Furthermore, Defendant Petravicius almost certainly had actual notice of the lawsuit prior to the end of the 90-day period. Indeed, at the very latest, Defendant Petravicius, had notice of the action by November 25, 2020 when his company, Defendant EW-SN TRANSPORT INC, was served. However, the affidavit of due diligence provided by Plaintiff's process server indicates that Defendant Petravicius was made aware that he is a party to this suit in his individual capacity during a telephonic conversation that took place on November 18, 2020. Accordingly, Plaintiff respectfully requests an additional 120 days to effectuate service upon Defendant Petravicius.

## VI.   CONCLUSION.

For these reasons, Plaintiff asks that the Court grant this Motion, and enter an order: (1) remanding this case back to the Eighth Judicial District Court of the State of Nevada; and (2) issuing an award in favor of Plaintiff and against Defendant for fees and costs imposed in preparing this Motion.  Defendant has no legitimate basis to claim diversity jurisdiction, and its attempt to remove this matter improperly is inconsistent with its prior valuation of the case, the factual predicate for Plaintiff's suit, or the actual allegations in Plaintiff's Complaint.  The improper removal should not be incentivized; this matter should proceed in state court as intended, and Defendant should reimburse Plaintiff for fees and costs incurred as a result of Defendant's gamesmanship.  Alternatively, if the Court determines it does have jurisdiction over this case, Plaintiff requests an enlargement of time to effectuate service upon Defendant Petravicius.

Respectfully submitted this 20th day of January, 2021.

**LBC LAW GROUP**

By:   */s/ Sebastian F. Gajardo*
JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
SEBASTIAN F. GAJARDO, ESQ.
Nevada Bar No. 14874
3215 W. Charleston Blvd., Suite 120
Las Vegas, NV 89102
*Attorneys for Plaintiff*

| EXHIBIT NO. | EXHIBIT NAME |
|---|---|
| 1 | Plaintiff's Demand Letter |
| 2 | Email from Northland Insurance to LBC Law Group (August 26) |

| | | |
|---|---|---|
| 3 | | Email from LBC Law Group to Northland Insurance (October 9) |
| 4 | | Email from Northland Insurance to LBC Law Group (October 14) |
| 5 | | Affidavit of Due Diligence |
| 6 | | Email from LBC Law Group to Winner & Sherrod (December 28, 2020) |
| 7 | | Correspondence from Winner & Sherrod (December 29, 2020) |
| 8 | | Plaintiff's Proposed Offer of Judgment |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 21, 2021 a true and correct copy of PLAINTIFF'S MOTION TO REMAND, was served electronically with the Clerk of the Court using the CM/ECF system and/or deposited for mailing in the U.S. Mail, postage prepaid and addressed to the following:

Christine M. Booze, Esq.
Jonathan L. Powell, Esq.
Winner & Sherrod
1117 South Rancho Drive
Las Vegas, Nevada 89102
cbooze@winnerfirm.com
jpowell@winnerfirm.com
*Attorneys for Defendant EN-SW Inc.*

                                                  */s/ Kerri Rowland*
                                          An Employee of LBC LAW GROUP