**RPLY**
JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
SEBASTIAN F. GAJARDO, ESQ.
Nevada Bar No. 14874
**LBC LAW GROUP**
3215 W. Charleston Blvd., Ste. 120
Las Vegas, Nevada 89102
Ph.: (702) 608-3030
Fax: (702) 463-4443
info@lbclawgroup.com
*Attorneys for Plaintiff*

**UNITED STATES DISTICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JEFFREY ALAN RYERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RIMANTAS PETRAVICIUS, an individual, EW-SN TRANSPORT INC, a New Jersey Corporation, DOES I-X, ROES XI-XX,<br><br>Defendants. | Case No.: 2:20-cv-02321-JCM-BNW<br><br>**<u>REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND</u>** |

Plaintiff Jeffrey Alan Ryerson ("<u>Plaintiff</u>") by and through his counsel of record, LBC Law Group, hereby files his Reply in Support of Plaintiff's Motion to Remand. Plaintiff's Reply is made and based on the following Memorandum of Points and Authorities, the pleadings and papers on file, and any oral argument this Court may allow at the time of hearing.

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

## I. INTRODUCTION

Plaintiff moved to remand this case to state court for a simple and commonplace reason: the federal court lacks subject matter jurisdiction over this dispute due to its modest amount in controversy. The federal district court maintains a strong presumption against removal, and assigns the removing party the exclusive burden to demonstrate that jurisdiction exists. Here, Defendant EW-SN TRANSPORT INC. ("<u>Defendant</u>") has not, and cannot, demonstrate that its removal was valid. Defendant's Opposition only serves to confirm these points, effectively

imploring this Court to grant Plaintiff's motion outright and avoid an impermissible exercise of jurisdiction over these decidedly state court claims. (*See* ECF 6).

## II. LEGAL ARGUMENT IN SUPPORT OF MOTION TO REMAND

### A. Removal Was Not Appropriate; Remand is Mandatory.

28 U.S.C. sec. 1441 is strictly construed against removal, and district courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir.2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)). The removing party bears the burden of establishing the existence of federal jurisdiction, and overcoming the "strong presumption against removal jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

The test for determining the amount in controversy is straightforward: when it is not "facially evident from the complaint that more than $75,000 is in controversy," the removing defendant must prove by a preponderance of the evidence that the amount in controversy permits the court to exercise subject matter jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003). Stated differently, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (citing *Sanchez*, 102 F.3d at 404 for the proposition that the removing defendant bears the evidentiary burden where a pleading "does not specify a particular amount of damages").

Defendant's Opposition lays bare the failings of its removal. Defendant faces a strong presumption against removal, and bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant has not, and indeed cannot, satisfy that burden. Notably, the only evidentiary support for Plaintiff's damages presented in the Opposition are select medical records. (*See* ECF 9 at Exhs. F, G, and H). Those records, as Defendant represents in its Opposition, underpin Plaintiff's claimed medical specials of approximately "$24,000." (*See id.* at p. 5).

Beyond those values totaling ***less than one third of the minimum amount in controversy***, Defendant offers no evidentiary support for its position. (*See id.*). Indeed, Defendant's Opposition fails to even articulate specific values for Plaintiff's general damages, let alone any persuasive evidence to substantiate those values. (*See id.* at p. 7). To that end, Defendant fails to provide any specific arguments regarding damages beyond the broad assertion that "[i]t is more likely than not that Plaintiff will be seeking at trial:" approximately $24,000 in past medical specials, possible future medical specials, and general damages. (*Id.*) The likelihood of a trial demand, of course, is not the standard for determining the amount in controversy, and Defendant's supposition is not a substitute for a preponderance of the evidence.

**B. Defendant's Vapid Opposition Falls Short on Substance.**

It bears noting that Defendant's additional arguments against remand do not inform this Court's analysis.

***First***, Defendant dedicates a significant portion of its Opposition to the argument that the amount in controversy is determined at the time the suit was filed. (*Id.* at p. 5). Of course, the Ninth Circuit has held that the amount in controversy must "meet the statutory threshold at the time of removal." *Canela*, 971 F.3d at 849 (discussing *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013)). Defendant tries to characterize Plaintiff's subject matter jurisdiction argument as being predicated on a change in position or amount in controversy, neither of which are true. Indeed, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, a 1938 United States Supreme Court case that Defendant cites in discussing events "occurring subsequent to the institution of the suit" analyzed a Plaintiff's post-removal decision to amend their complaint in an attempt to destroy diversity. 303 U.S. 283, 290 (1938); (*see* ECF 9 at p. 5). Those facts, of course, do not inform the circumstances here, where Plaintiff's pleadings and the amount in controversy remain unchanged.

The procedural posture here reflects a defendant seeking to manufacture jurisdiction where it does not exist, rather than a plaintiff seeking to destroy jurisdiction where it does exist.

///

///

***Second***, Defendant rests its laurels on a pre-litigation, pre-discovery insurance demand letter for policy limits. (*See* ECF 9 at p.6, Exh. E). Defendant's argument attempts to construe an investigative tool and negotiation communication as an absolute evidentiary litmus test for the amount in controversy. The absurdity of this position is evident from its converse: by Defendant's logic, then, the amount in controversy of this litigation is zero dollars because Defendant did not make an initial settlement offer. That, of course, is far afield of the actual analysis of the amount in controversy, and the evidentiary basis required to ascertain the actual total. *See Matheson,* 319 F.3d at 1090.

This argument is, again, coupled with a distorted reliance on authority: the *Cohn v. Petsmart, Inc.* court did indicate that a settlement letter can inform the amount in controversy analysis, but only "if it appears to reflect a reasonable estimate of the plaintiff's claim." 281 F.3d 837, 840 (9th Cir. 2002); (*see* ECF 9 at p. 5). Here, Plaintiff's initial demand was, as is common in injury disputes, intended in part to triage the extent and form of coverages available. Plaintiff did not expressly demand $150,000 in that correspondence as Defendant suggests and, even still, Plaintiff did not articulate that the $150,000 figure reflected as a specific calculation of Plaintiff's prospective damages. Indeed, Plaintiff provided a calculation of special damages in that letter, affording Defendant the sole figure they rely upon in its Opposition: approximately $24,000 in medical expenses. Plaintiff does allege and seek to recover other categories of damages, including general damages and wage loss, but not in the exorbitant amount Defendant delineates in their brief (i.e. more than 5 times the past medical specials).

The pre-litigation correspondence is a far cry from any basis to establish jurisdiction, and Defendant is unable to compensate for its complete lack of evidence otherwise.

///

///

///

///

///

///

***Third***, and most glaringly, Defendant argues at length that Plaintiff "not presented any evidence that the amount in controversy is less than the jurisdictional limit." (ECF 9 at pp. 7-9). This position is curious because it is the removing Defendant, not Plaintiff, who bears the evidentiary burden of demonstrating that the amount in controversy is satisfied. *Hansen*, 902 F.3d at 1057. The position is more curious still, because it presupposes that Plaintiff is expected, and able, to affirmatively evidence a lack of damages. To be sure, Defendant's argument presumes Plaintiff to be responsible to disprove a damages calculation that Defendant has failed to articulate, let alone substantiate by a preponderance of the evidence.

Defendant concludes its misled (and circular) analysis with its admission that it would only acknowledge the lack of jurisdiction and stipulate to remand if Plaintiff first entered into debilitating stipulations to be employed before the state court. (ECF 9 at p. 9). Not only does this point ***decidedly not*** support Defendant's proposed burden-shift and evidentiary vacuum, it ignores the fact that parties are legally incapable of manufacturing or destroying federal jurisdiction by stipulation. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013) (discussing this principle in the context of Class Action Fairness Act jurisdiction); *see also United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) (Noting that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments"). As the Eastern District of California concluded:

> "If a party's affirmative stipulation cannot establish or deprive the court of subject matter jurisdiction, a *refusal* to stipulate to damages provides even less foundation for the Court to determine the amount in controversy and determine whether subject matter jurisdiction exists."

*Schiller v. David's Bridal, Inc.*, No. 1:10-CV-00616 AWI, 2010 WL 2793650, at *4 (E.D. Cal. July 14, 2010) (emphasis in original).

Defendant's attempt to accuse Plaintiff of jurisdictional gamesmanship is either entirely tone deaf or the legal equivalent of gaslighting. Either way, it underscores the propriety of Plaintiff's Motion.

///

///

## III. CONCLUSION

Plaintiff respectfully requests that the Court grant his Motion in total and both: (1) remand this matter back to state court where it belongs; and (2) issue Plaintiff an award of attorney's fees and costs. To the extent the Court is disinclined to grant Plaintiff's Motion, Plaintiff asks that the Court grant the alternative request for a reasonable extension of time to effectuate service. In any event, Defendant's request for sanctions, which was not brought in the form of a countermotion and is not supported by any authority whatsoever, should be ignored entirely.

Respectfully submitted this 11th day of February, 2021.

**LBC LAW GROUP**

By:____________________
JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
SEBASTIAN F. GAJARDO, ESQ.
Nevada Bar No. 14874
ANDREW P. DUNNING, ESQ.
Nevada Bar No. 13864
3215 W. Charleston Blvd., Ste. 120
Las Vegas, Nevada 89102
Ph.: (702) 608-3030
Fax: (702) 463-4443
info@lbclawgroup.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 11, 2021 a true and correct copy of REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND, was served electronically with the Clerk of the Court using the CM/ECF system and/or deposited for mailing in the U.S. Mail, postage prepaid and addressed to the following:

Christine M. Booze, Esq.
Jonathan L. Powell, Esq.
Winner & Sherrod
1117 South Rancho Drive
Las Vegas, Nevada 89102
cbooze@winnerfirm.com
jpowell@winnerfirm.com
*Attorneys for Defendant EN-SW Inc.*

Kerri Rowland
An Employee of LBC LAW GROUP