UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY ALAN RYERSON, | Case No. 2:20-CV-2321 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| RIMANTAS PETRAVICIUS, an individual, EW-SN TRANSPORT, INC., a New Jersey Corporation, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Jeffery Ryerson's motion to remand. (ECF No. 6). Defendant EW-SN Transport Inc. responded in opposition (ECF No. 9) to which Ryerson replied (ECF No. 12).

I. **BACKGROUND**

This is a negligence case arising out of a car crash. (ECF No. 6 at 3). Defendant Rimantas Petravicius was driving a semi-truck in the course and scope of his employment with EW-SN Transport. (*Id.*). Petravicius approached an intersection and made an unsafe left turn into Ryerson's path of travel. (*Id.*). Ryerson was unable to avoid the trailer attached to the semi-truck and collided with Petravicius. (*Id.*). EW-SN Transport removed this case on diversity grounds. (*Id.*). Ryerson now moves to remand, arguing that the amount in controversy does not exceed $75,000. (*Id.*).

II. **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Under the removal statute, a defendant may remove any civil action over which the court has original jurisdiction. 28 U.S.C. § 1441(a).

After a defendant learns that an action is removable, it has thirty days to file a notice of removal. *Id.* § 1446(b). That is, "the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other papers from which it can determine that the case is removable." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (quoting 28 U.S.C. § 1446(b)(2)).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). The defendant must then prove by a preponderance of the evidence that the court has original jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Thus, if removal rests on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing defendant does not have to predict the eventual award with legal certainty. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). But it "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 567. The court resolves ambiguity in favor of remand. *Hunter*, 582 F.3d at 1042.

"In determining the amount in controversy, the court first looks to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.' " *Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem.*, 303 U.S. at 289). If the face of the complaint is not dispositive, the removing defendant may offer "summary judgment-type evidence" to show that the amount in controversy threshold is met. *Valdez*, 372 F.3d at 1117; *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The evidence may include damages estimates and attorney's fees and costs authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see also McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004).

. . .

### III. DISCUSSION

Defendant offers three pieces of evidence to meet its burden. First, Ryerson has claimed more than $24,000 in past special damages which does not include past general damages, lost wages, future special damages, and future general damages, all of which Ryerson will presumably seek at trial. (ECF No. 9 at 7). Second, Ryerson made a settlement demand for the policy limits and $150,000 *before* removal. (*Id.* at 10). The court should not consider his $74,000 settlement demand *after* removal. (*Id.* at 9; *cf.* ECF No. 6 at 5 ("Plaintiff would accept $74,000 on or before the time this Motion is resolved, providing the Court with unequivocal evidence that Defendant's assertion that Plaintiff is seeking over $75,000 is unsupported.")). Third, Ryerson rebuffed a stipulation to remand in exchange for agreeing not to seek more than a $75,000 recovery. (ECF No. 9 at 9).

A settlement demand is relevant only if it "reflect[s] a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (noting that while a "settlement offer, by itself, may not be determinative, it counts for something"); *Soriano v. USAA Ins. Agency*, Inc., No. 3:09-cv-00661-RCJ-RAM, 2010 WL 2609045, at *2 (D. Nev. June 24, 2010).

The court is not convinced that the $150,000 settlement demand is good evidence of the value of Ryerson's case. *Cf. Wolf v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-CV-00589-GMN, 2014 WL 6882937, at *4 (D. Nev. Dec. 4, 2014); *Randolph v. Albertsons LLC*, No. 2:20-cv-1896-JCM-NJK, 2020 WL 7055894, at *2 (D. Nev. Dec. 2, 2020) (declining to consider a settlement letter as a reasonable estimate of the amount in controversy). Ryerson did not state in the letter that the "that the $150,000 figure reflected as a [sic] specific calculation of . . . prospective damages." (ECF No. 12 at 4). He provided only a $24,000 calculation of past special damages. (*Id.*). And Ryerson now disavows this settlement offer unlike the plaintiff in *Cohn*. (ECF No. 6 at 7); *Cohn*, 281 F.3d at 840 ("Cohn could have argued that the demand was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence."). Apart from the $24,000 in past

James C. Mahan
U.S. District Judge

- 3 -

special damages evidenced by medical records (ECF No. 9 at 30–41), defendant offers no good estimate of the amount of other damages Ryerson may seek.

Taking all this together, defendant has not met its burden to show that the amount in controversy exceeds $75,000 by the preponderance of the evidence. This case is remanded. And the court will not impose sanctions (ECF No. 9 at 10) or award fees and costs. (ECF No. 6 at 8).

**IV.    CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Ryerson's motion to remand (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall **REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-20-821999-C**, and CLOSE this case.

DATED May 7, 2021.

_____
UNITED STATES DISTRICT JUDGE